Case: 1:17-cv-04227 Document #: 1 Filed: 06/05/17 Page 1 of 11 PageID #:1

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

JK

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**RECEIVED**
JUN 5 2017 CM
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Chandra Davis )
_____ )
_____ )
(Name of the plaintiff or plaintiffs) )
)
v. )
University of Chicago )
Hospital )
_____ )
(Name of the defendant or defendants) )

CIVIL ACTION

NC
1:17-cv-04227
Judge Sharon Johnson Coleman
Magistrate Judge Sheila M. Finnegan

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is **Chandra Davis** of the county of **Cook** in the state of **ILLINOIS**.

3. The defendant is **University of Chicago Hospital**, whose street address is **5841 S. Maryland Ave**, (city) **Chicago** (county) **Cook** (state) **IL** (ZIP) **60637**
(Defendant's telephone number) (**773**) - **702-1000**

4. The plaintiff sought employment or was employed by the defendant at (street address) **5841 S. Maryland Ave** (city) **Chicago** (county) **Cook** (state) **IL** (ZIP code) **60637**

5. The plaintiff [*check one box*]

    (a) ☐ was denied employment by the defendant.

    (b) ☐ was hired and is still employed by the defendant.

    (c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) June, (day) 28, (year) 2011.

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐ has not ☒ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

    (i) ☒ the United States Equal Employment Opportunity Commission, on or about (month) December (day) 20 (year) 2011.

    (ii) ☒ the Illinois Department of Human Rights, on or about (month) April (day) 10 (year) 2017.

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☒ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days**.

    It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

☐ Yes (month)_____ (day)_____ (year) _____

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month)_____ (day) _____ (year) _____ .

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ YES   ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ YES   ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) March (day) 14 (year) 2017 a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's *[check only those that apply]*:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

Case: 1:17-cv-04227 Document #: 1 Filed: 06/05/17 Page 4 of 11 PageID #:4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☐ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☒ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☒ failed to stop harassment;

(g) ☐ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☒ other (specify): I was constructively discharged on 1/19/2012

4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

13. The facts supporting the plaintiff's claim of discrimination are as follows:

   "See additional typed page"

14. **[*AGE DISCRIMINATION ONLY*]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

   (a) ☐ Direct the defendant to hire the plaintiff.
   (b) ☒ Direct the defendant to re-employ the plaintiff.
   (c) ☐ Direct the defendant to promote the plaintiff.
   (d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.
   (e) ☒ Direct the defendant to reasonably accommodate the plaintiff's disabilities.
   (f) ☐ Direct the defendant to (specify): _____

5

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Additional Page

Question 13

On June 3, 2011, I met with Jolie Fournet (Interim Assistant Director of Respiratory Care) and Shanon Shumpert (Manager, Employee Labor Relations) to discuss reasonable accommodation. I had been diagnosed with left lumbar radiculopathy and facet disease along with right shoulder impingement, which were work-related injuries acquired on July 28, 2010 while at the University of Chicago Hospital. I received confirmation via email on June 14, 2011 that I will be contacted. I later contacted Jolie Fournet around the end of June via telephone about the reasonable accommodation. I was advised that it was being processed.

On July 13, 2011, I had a meeting with Jolie Fournet and Annette Moser (the new Director of Respiratory Care) to discuss my June 2011 Evaluation that was untrue and displayed criticism. Even my being on FMLA was criticized. I asked Ms. Fournet and Ms. Moser, "Why is being on FMLA held against me?" "Why did Kevin Stevens (manager) mention it on my evaluation?" I said "FMLA have guidelines." My evaluation was then changed twice only removing the bashing of me being on FMLA. I also asked, "Why does my evaluation state that I do not work in critical care areas (ICU's) when I go wherever I am assigned?" Since I've been employed at the University of Chicago Hospital there has been an annual Mandatory Competency Skills Exam for all Respiratory Therapist. We have to be proficient and demonstrate knowledge to assist people suffering with pulmonary diseases in order to fulfill our job description and licensure. On April 9, 2011 and May 15, 2011 both dates (while on modified duty and in pain) I was assigned to the ICU areas and managed them without incidence. On May 15, 2011, I managed 9 patients on mechanical ventilation, 3 bipaps, and administered more than 25 nebulized treatments. Not only have I been assigned ICU on the dates mentioned above, but several other times.

July 21, 2011, I was presented with the Performance Improvement Plan (PIP) from Ms. Fournet and Ms. Moser. I asked about reasonable accommodation again and was told I have to sign and complete this plan (PIP) in order to keep my employment.

On September 10, 2011, I was reminded to remain in the arterial blood gas lab due to me being assigned to the emergency room on September 5, 2011. I was to remain in the lab until October 26, 2011 then full duty. I wanted to keep my employment and asked my doctor (Dr. Charles Slack) to please allow me to work full duty even though I knew the pain would be overwhelming. My doctor stated on a trial basis only.

    I started the Performance Improvement Plan's Orientation December 19, 2011 on the day shift. I initially orientated to the floors, which was an insult. The following week I started critical care training (ICU). I could not handle full duty and I became depressed and anxious. I was unable to work because defendant failed to accommodate. As a result, my last day of work was January 19, 2012.

Sincerely,

Chandra Davis

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

_____

_____

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)
Chandra Davis

(Plaintiff's name)
Chandra Davis

(Plaintiff's street address)
7255 So. Fairfield Ave

(City) Chicago (State) IL (ZIP) 60629
(Plaintiff's telephone number) (773) - 964-4092

Date: 6/5/2017

6

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Chandra Davis<br>7255 South Fairfield Avenue<br>2nd Floor<br>Chicago, IL 60629 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2012-01236 | Gregory T. Mucha,<br>Investigator | (312) 869-8135 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Julianne Bowman      3-10-17

Enclosures(s)      **Julianne Bowman,**<br>**District Director**      (Date Mailed)

cc:    Shanon D. Shumpert<br>Manager Employee and Labor Relations<br>UNIVERSITY OF CHICAGO MEDICAL CENTER<br>5841 South Maryland Avenue<br>MC 1086<br>Chicago, IL 60637

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[ ] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>440-2012-01236 |
|---|---|---|

Illinois Department Of Human Rights                                              and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>**Chandra L. Davis** | Home Phone (Incl. Area Code)<br>**(773) 915-3310** | Date of Birth<br>**03-15-1962** |
|---|---|---|

Street Address: **7255 South Fairfield Avenue, 2nd Floor, Chicago, IL 60629**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**UNIVERSITY OF CHICAGO HOSPITAL** | No. Employees, Members<br>**500 or More** | Phone No. (Include Area Code)<br>**(773) 702-1000** |
|---|---|---|

Street Address: **5841 South Maryland Ave., Chicago, IL 60637**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

Street Address:

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                Latest
                        **10-30-2011**
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent in or around April 2006. My current position is Respiratory Therapist. Respondent is aware of my disability. During my employment, I have requested a reasonable accommodation which has not been provided. I have also been disciplined and subjected to different terms and conditions of employment, including, but not limited to, scheduling.

I believe I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I also believe I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

DEC 2 0 2011

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Dec 20, 2011     *Chandra Davis*<br>Date           Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

# ILLINOIS DEPARTMENT OF
# Human Rights

Bruce Rauner, Governor
Janice Glenn, Acting Director

**April 25, 2017**

CHANDRA L. DAVIS
7255 SOUTH FAIRFIELD AVENUE, 2nd FLOOR
CHICAGO, IL 60629 – 2025

RE: Charge No.: **2012CR4264**
Respondent: **UNIVERSITY OF CHICAGO HOSPITAL**

Complaint or Civil Action Filing Dates: **3/11/2018 through 6/8/2018**

Dear Complainant:

You have chosen to have the discrimination charge you previously filed with the U.S. Equal Employment Opportunity Commission ('EEOC') investigated by the Illinois Department of Human Rights ('IDHR') under the Illinois Human Rights Act. IDHR has received a copy of EEOC's determination and your request for the Department to investigate. A copy of the charge has been served on the Respondent. Keep this letter for reference if you need to telephone or come to IDHR.

You are required to preserve and maintain all records, including paper, electronic, or other formats, pertaining to this charge. If your charge involves the basis of disability, IDHR requires that two additional forms be completed to determine whether IDHR has jurisdiction over your identified medical condition. If we do not have copies of these documents in your file, we have included copies with this notice.

1) Verification of Disability.
Please give the Verification of Disability form to your physician for completion. Request your physician return the completed form by mail to IDHR's address below within 30 days of your receipt of this notice; and

2) Consent form.
The consent form allows IDHR to review your physician's documentation. Please fill out the consent form and return it to IDHR, again, within 30 days of your receipt of this notice.

If your charge does not involve the basis of disability, then the Verification of Disability and Consent Forms are not needed and are not enclosed.

IDHR's role is to conduct a neutral investigation of the allegations in your charge. It is your responsibility to cooperate with IDHR's investigation and provide all pertinent information you have concerning the case by the dates requested.

An investigator will contact you after the case is assigned. IDHR must complete the investigation of your case by issuing its report of findings within 365 days from the date the EEOC issued its decision on your charge. IDHR's investigation time may be extended if you and Respondent agree in writing.

100 West Randolph Street, Suite 10 - 100, Chicago, IL 60601 - 3391, (312) 814-6200, TTY (866) 740-3953, Housing Line (800) 662-3942
222 South College Street, Room 101, Springfield, IL 62704 - 1958, (217) 785-5100
2309 West Main Street, Marion, IL 62959 - 1187 (618) 993-7463
www.illinois.gov/dhr